STATE v. J. E. JONES AND C. C. HAMILTON.

(Filed 11 December, 1935.)

**Intoxicating Liquor G e—Ch. 493, Public Laws of 1935, does not repeal general prohibition statute in counties not named in the act.**

The general prohibition law of the State was not repealed by ch. 493, Public Laws of 1935, as to counties not named in the latter act, its provisions applying by express provision only to the counties therein named, and it is unlawful to possess intoxicating liquor for the purpose of sale in any counties of the State not named in the act of 1935. C. S., 3379.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Parker, J.,* at July Term, 1935, of WAKE. No error.

This is a criminal action in which the defendants were charged with a violation of the prohibition laws of this State.

At the trial of the action in the Superior Court of Wake County, the defendants were convicted by a jury on the charge that on 19 June, 1935, the defendants had in their possession in the city of Raleigh, Wake County, North Carolina, intoxicating liquors for the purpose of sale.

From judgment that the defendants be confined in the county jail of Wake County, the defendant J. E. Jones, for a term of fifteen months and the defendant C. C. Hamilton for a term of four months, each to be assigned to work under the direction of the State Highway and Public Works Commission, as provided by law, the defendants appealed to the Supreme Court.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*Charles U. Harris for defendants.*

CONNOR, J. On their appeal to this Court the defendants abandoned their contention that there was error in the refusal of the trial court to allow their motion, at the close of the evidence, for judgment as of nonsuit, C. S., 4643, and contend that they are entitled to a new trial for error in the instruction of the court to the jury that if the jury should find from the evidence beyond a reasonable doubt that the defendants on 19 June, 1935, had in their possession in the city of Raleigh, Wake County, North Carolina, intoxicating liquor for purposes of sale, they should return a verdict of guilty as charged in the warrant.

In support of their assignment of error based on their exception to the instruction of the court to the jury, the defendants contend that by section 12 of chapter 493, Public Laws of North Carolina, 1935, known

as the Pasquotank County Liquor Control Act, all the laws of this State making it unlawful for any person to have intoxicating liquor in his possession for the purpose of sale have been repealed, not only as to the counties named in the act, but also as to all other counties in the State. This contention manifestly cannot be sustained.

By its terms, chapter 493, Public Laws of North Carolina, 1935, applies only to the counties named in section one of the act. Wake County is not named in said section or in any other section of the act. None of its provisions, in any event, apply to Wake County or to any other county in this State not named in the act.

Notwithstanding the act, it is now, as heretofore, "unlawful for any person, firm, association, or corporation, by whatever name called, to have or keep in possession for the purpose of sale any spiritous, vinous, or malt liquors," in any county in this State not named in section one of the act. C. S., 3379.

There was no error in the trial of this action. The judgment is affirmed.

No error.

DEVIN, J., took no part in the consideration or decision of this case.